WO                                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Francis Grandinette WTDF # 990390, aka)    No. CV 07-0821-PHX-MHM (BPV)
Francis Grandinetti, CCA inmate, )
)   **ORDER**
         Plaintiff, )
)
vs. )
)
FTC Seg. Unit Staff, et al., )
)
         Defendants. )
)

Plaintiff Francis Grandinette (aka Francis Grandinetti), who is confined in the Tallahatchie County Correctional Facility, a Corrections Corporation of America facility in Tutwiler, Mississippi, filed a *pro se* civil rights Complaint in this District alleging violations of constitutional and other rights. (Doc.# 1.)[1] Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis* by a Prisoner Civil (Non-Habeas). Because Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), the Court will dismiss the action.

**I.    "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases which were dismissed before the effective date of § 1915(g) – April 26, 1996 – may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed "under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else." Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

## II.     Prior Dismissals

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. At least three of Plaintiff's prior actions were dismissed as frivolous, malicious and/or as failing to state a claim. See Grandinetti v. Iranon, CV 96-101-HC (E.D. Tex. 1998) (dismissed as frivolous, Jan. 26, 1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex. 1998) (dismissed as frivolous, July 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. 1999) (dismissed as frivolous, March 5, 1999); see also Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. 2001) (Order filed on Aug. 3, 2001, noting prior dismissals (doc.# 2)).[2]

---

[2] Plaintiff has filed or been a party to numerous other actions in federal courts around the country. See Grandinetti v. Texas, No. A-07-CA-200-LY, 2007 WL 869592 at * 1, n. 1 and 2 (W.D. Tex. Mar. 22, 2007); Grandinetti v. Bauman, No. CIV 07-00089 ACK/LEK, 2007 WL 676012 (D. Haw. Feb. 28, 2007) (noting prior dismissals as frivolous); Grandinette v. Bush, No. 06-2052, 2006 WL 1658009 (W.D. Ark. June 14, 2006) (same); Grandinetti v. T-Hop, No. 2:06CV304-MHT, 2006 WL 1476029 (M.D. Ala. May 24, 2006) (same); Dela Cruz v. CCA/TCCF, No. 06-00184 JMS-KSC, 2006 WL 939008 (D. Haw. Apr. 7, 2006)

### III. Failure to Allege Imminent Danger of Serious Physical Injury

If a plaintiff has three strikes, as Plaintiff does, he may bring a civil action without complete prepayment of the $350.00 filing fee *only if* he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's Complaint alleges claims for false arrest, retaliation, fraud on the courts, contempt and deliberate indifference to serious medical needs against corrections staff in Mississippi. Apart from titling his Complaint as an "Imminent Injury Case," Plaintiff does not allege facts to support that he is in imminent danger of serious physical injury. Accordingly, Plaintiff's Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire filing fee when he files the action.[3]

**IT IS ORDERED**:

(1) Plaintiff's Complaint (doc.# 1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(2) The Clerk of Court must enter judgment of dismissal, without prejudice, of this action.

DATED this 3rd day of May, 2007.

_____
Mary H. Murguia
United States District Judge

---

(same); Grandinetti v. Ariyoshi, No. 06-00146 JMS-LEK, 2006 WL 695118 (D. Haw. Mar. 15, 2006) (same); Kalanineki v. Gillmor, No. 06-00084 ACK-LEK, 2006 WL 335598 at *1, n. 2 (D. Haw. Feb. 10, 2006) (same).

[3] Even if Plaintiff pre-pays the filing fee, an action based on the allegations in the current Complaint would be subject to dismissal, or transfer, for improper venue.

- 3 -