**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis Grandinette WTDF # 990390, aka) Francis Grandinetti, CCA inmate, )<br>    Plaintiff, )<br>vs. )<br>FTC Seg. Unit Staff, et al., )<br>    Defendants. ) | No. CV 07-0821-PHX-MHM (BPV)<br>**ORDER** |

Plaintiff Francis Grandinette (aka Francis Grandinetti), who was then-confined in the Tallahatchie County Correctional Facility, a Corrections Corporation of America facility in Tutwiler, Mississippi, filed a *pro se* civil rights Complaint in this District alleging violations of constitutional and other rights without prepaying the filing fee.[1] (Doc.# 1.)[2] Because he had at least "three strikes" under 28 U.S.C. § 1915(g), and failed to allege imminent threat of injury, the Court dismissed the action. (Doc.# 3.) Plaintiff filed an appeal, which is currently pending in the Ninth Circuit Court of Appeals. (See doc.# 6, 10, 11, 12.) On January 29, 2008, Plaintiff filed a copy of the Notice of Electronic Filing (NEF) for an Order issued by the Ninth Circuit, dated January 11, 2008, a copy of which was filed in District Court on January 15, 2008. (See doc.# 13.) Plaintiff filed a copy of the NEF with the

---

[1] This Court's docket reflects that Plaintiff is currently confined in the Saguaro Correctional Center in Eloy, Arizona.

[2] "Doc.#" refers to the docket number of documents filed in this action.

following comment, "(21 days calculated at: February 1, 2008) January 11 to February 1, 2008," among others. (Doc.# 13.) In an Order filed on February 5, 2008, the Court denied any request for relief being sought in that document. (Doc.# 14.) On February 25, 2008, Plaintiff filed a motion for reconsideration of that Order. (Doc.# 15.) On March 12, 2008, Plaintiff filed a document captioned "Pro Se Plaintiff-Appellant's Post-Appellate Motion for Relief, FRAP 8 and 27."[3] (Doc.# 18.) Both motions will be denied.

Generally, motions to reconsider are appropriate only where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)); United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (same). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992). Further, a motion for reconsideration is not an appropriate vehicle for a party to raise arguments not included in his original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).

In his motion for reconsideration, Plaintiff merely lists a series of requests without setting forth facts to support a basis for those requests. Moreover, the requests included in his motion for reconsideration were not raised in the original document, doc.# 13, and are not properly raised for the first time in a motion for reconsideration. For these reasons, reconsideration will be denied.

---

[3] Rule 8 provides for the filing of an initial motion in the district court of motions to stay judgment or order pending appeal or granting an injunction while appeal is pending. Fed. R. App. P. Rule 27 concerns content to be included in a motion for relief. Fed. R. App. P.

1  In his "Pro Se Plaintiff-Appellant's Post-Appellate Motion for Relief, FRAP 8 and
2 27," Plaintiff asserts that the Federal Rules of Appellate Procedure apply to district court
3 proceedings and he expresses a preference for "'California F.R.A.P. law'" to "'Honolulu
4 F.R.A.P. law' and 'Arizona F.R.A.P. law.'" Plaintiff otherwise asserts that venue in various
5 districts has not been waived and that some of his other cases should be reopened. This
6 motion will be denied to the extent that any relief is sought therein.

7 **IT IS ORDERED:**

8  (1)  Plaintiff's motion for reconsideration is **denied**.  (Doc.# 15.)

9  (2)  Plaintiff's "Pro Se Plaintiff-Appellant's Post-Appellate Motion for Relief,
10 FRAP 8 and 27" is **denied**.  (Doc.# 18.)

11  DATED this 24th day of March, 2008.

Mary H. Murguia
United States District Judge

- 3 -